Janet M. Herold
Regional Solicitor
Andrew Schultz (Cal. 237231)
Counsel for Wage and Hour
M. Ana Hermosillo (DC 1014283)
Trial Attorney
Office of the Solicitor
United States Department of Labor
300 5th Ave, Suite 1120
Seattle, WA 98104
Telephone: (206) 757-6751
Facsimile:  (206) 757-6762
Email: Hermosillo.Mary.A@dol.gov

Attorneys for the Petitioner
United States Department of Labor

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Eugene Scalia, Secretary of Labor, United States Department of Labor,**<br><br>　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>**Mesa Air Group, Inc. d/b/a Mesa Airlines,**<br><br>　　　　　　　　Defendant. | Case No.:<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND TO RECOVER AMOUNTS DUE UNDER THE FAMILY MEDICAL LEAVE ACT (29 U.S.C. § 2601 et seq.)** |

1.      Plaintiff Eugene Scalia, Secretary of Labor, United States Department of Labor brings this action seeking injunctive and other relief for violations of the Family Medical Leave Act of 1991, as amended (29 U.S.C. §2601 *et seq.*) ("FMLA" or "the Act"), to enforce provisions §§102,103,104, 105, 106 of the Act, 29 U.S.C §§ 2612, 2613, 2614, 2615, 2616 and the Regulations published at 29 C.F.R. Part 825.

2.      Jurisdiction of this action is conferred upon the Court by §107(b)(2) and (d) of the Act, 29 U.S.C. §2617(b)(2) and (d).

3.      Defendant Mesa Air Group Inc. d/b/a Mesa Airlines ("Defendant") is a corporation with its headquarters located at 410 N. 44th Street, Ste. 700, AZ 85008, provides regional air services at various airports throughout the country.

4.      Defendant is now, and was at all relevant times, a covered employer as defined by § 101(4)(A) of the Act, 29 U.S.C. § 2611(4)(A).

5.      Defendant employs airline flight crew employees as defined by §101(2)(D) of the Act, 29 U.S.C. 2611(2)(D), and 29 C.F.R. § 825.102.

6.      (a)     Since at least April 17, 2017, Defendant has willfully violated and is violating the provisions of § 105 of the Act, 29 U.S.C. § 2615 by failing to include all hours worked or paid in determining if a flight crew employee is eligible for FMLA leave because it failed to include all "duty time," in its FMLA-eligibility calculations as required by §101(2)(D) of the Act, 29 U.S.C. 2611(2)(D), and 29 C.F.R. § 825.801

(b)     "Duty time" for the purposes of this Complaint, includes the time a flight crew employees is required to report for duty, which period begins 45 minutes before the scheduled departure of her/his first flight of the day, or whenever the flight crew employee actually reports, whichever is later, and the ending 15 minute period after the main cabin door is opened upon the conclusion of a flight, or until flight crew employee is released from duty, whichever is later.

7.      Since at least April 17, 2017, Defendant has willfully violated and is

violating the provisions of § 105 of the Act, 29 U.S.C. § 2615 by calculating employee FMLA eligibility at times earlier than the required 12-month period and in an inconsistent manner as required by §101(2)(D), 29 U.S.C. § 2611(2) (D), and 29 C.F.R. §§ 825.200 (b) and (c).

8.   Since at least Apri17, 2017, Defendant has willfully violated and is violating the provisions of § 105 of the Act, 29 U.S.C. § 2615 and 29 C.F.R. § 825.300(b) by:

(a)   failing to give employees Eligibility Notices within 5-business days of an employee's request for FMLA leave or the Defendant acquiring knowledge that an employee's leave may be for an FMLA qualifying reason; and

(b)   failing to give employees rejected for FMLA leave, an Eligibility Notice stating a reason the employee is not eligible, such as the hours of service with the employer during the previous 12-month period, if applicable.

9.   Since at least April 17, 2017, Defendant has willfully violated and is violating the provisions of § 105 of the Act, 29 U.S.C. § 2615, and 29 C.F.R. § 825.300(c) by failing to provide Rights and Responsibilities Notices, as required, such as when an employee is approved for FMLA leave and/or is rejected for FMLA leave.

10.   Since at least April 17, 2017, Defendant has willfully violated and is violating the provisions of § 105 of the Act, 29 U.S.C. § 2615, and 29 C.F.R. § 825.307(b) by failing to provisionally provide FMLA benefits during the pendency of the second or third medical opinion.

11.   Since at least April 17, 2017, Defendant has willfully violated and is violating the provisions of § 105 of the Act, 29 U.S.C. § 2615, and 29 C.F.R. § 825.307(e) by failing to pay reasonable transportation expenses incurred by employees when employees obtain a second or third medical opinion.

12.   Since at least April 17, 2017, Defendant has willfully violated and is violating the provisions of § 105 of the Act, 29 U.S.C. § 2615, and 29 C.F.R. § 825. 305 (b) by failing to provide employees with at least 15 days, after requested by the Defendant,

to return completed medical certifications.

13. Since at least April 17, 2017, Defendant has willfully violated and is violating the provisions of § 105 of the Act, 29 U.S.C. § 2615, and 29 C.F.R 825.802 (a) by deducting 7 days a week for FMLA leave extending a week more for flight crew employees when the regulations only permit a deduction of 6 days a week for such leave.

14. Since at least April 17, 2017, Defendant has willfully violated and is violating the provisions of §106(b) of the Act, 29 U.S.C. 2616(b), and 29 C.F.R. §§ 825.500(b) and(c) by failing to maintain records specified by 29 C.F.R. § 825 for no less than 3 years.

WHEREFORE, cause having been shown, Plaintiff prays for a Judgment against Defendant as follows:

(1) For an Order permanently enjoining Defendant, its officers, agents, servants, employees, and all persons acting or claiming to act on its behalf and interest from violating the provisions of §§ 102, 103, 104, 105, and 106 of the Act (29 U.S.C. §§ 2612, 2613, 2614, 2615, 2616), including requiring Defendant: (a) to calculate FMLA eligibility for its flight crew employees using all hours these employees have worked or been paid; (b) to recalculate FMLA eligibility in a consistent manner after the 12-month period has elapsed for those employees who take intermittent FMLA leave due to chronic conditions, long-term conditions, or conditions requiring multiple treatments; (c) to provide employees with an Eligibility Notice within 5 days of an employee requesting FMLA leave or the Defendant obtaining knowledge that the employee's leave may be for an FMLA qualifying reason; (d) to provide employees who are rejected for FMLA leave an Eligibility Notice containing at least one reason the employee is not eligible, such as hours of service, if applicable; (e) to provide employees with a Rights and Responsibilities Notice at the same time an Eligibility Notice is provided to an employee; (f) to provisionally provide FMLA benefits during the pendency of a second or third medical opinion; (g) to pay reasonable transportation expenses incurred by an employee when obtaining a second or third opinion;

(h) to provide employees with 15 days to return their completed medical certifications upon the Defendant's request for a completed medical certification, unless it is not practicable under the particular circumstances to do so despite the employee's diligent, good faith efforts; (i) to only deduct 6 days a week of FMLA leave extending one week or more of flight crew employees; and (j) to maintain FMLA records for not less than three years; and

    (2) for all appropriate relief,

        (a) payment to employees for reasonable transportation costs incurred by employees in obtaining a second or third opinion since April 17, 2017;

        (b) consequential damages for flight crew employees who were denied FMLA leave because Defendant failed to include all their hours worked or paid since April 17, 2017; and

(3) for an Order granting such other and further relief as may be necessary and appropriate.

Dated: October 23, 2020

KATE S. O'SCANNLAIN  
Solicitor of Labor  
JANET M. HEROLD  
Regional Solicitor  
ANDREW SCHULTZ  
Counsel for Wage and Hour

  /s/ Ana Hermosillo  
M. ANA HERMOSILLO  
Trial Attorney  
Attorneys for the Plaintiff  
U.S. Department of Labor