**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>Mesa Air Group Incorporated,<br><br>Defendant. | No. CV-20-02049-PHX-ROS<br><br>**ORDER** |

The Department of Labor ("DOL") brought this suit alleging Defendant Mesa Air Group Inc. has violated, and continues to violate, the Family Medical Leave Act of 1991. The complaint contains almost no factual allegations. Instead, the complaint merely alleges that at some point after April 17, 2017, Mesa Air violated particular requirements of the FMLA. Mesa Air seeks dismissal, arguing the complaint is insufficient because it is "nothing more than a 'copy-and-paste' of the statutes at issue." (Doc. 11 at 4). That is correct. The complaint will be dismissed with leave to amend.

## BACKGROUND

The complaint provides only two background facts. Mesa Air "provides regional air services at various airports throughout the country" and in doing so, Mesa Air employs "airline flight crews," *i.e.* flight attendants and pilots. (Doc. 1 at 2). After providing these facts, the complaint sets out a variety of ways Mesa Air has allegedly violated, and continues to violate, the FMLA. There are not, however, any facts alleged in support of these violations. For example, the FMLA's regulations state that when an employer doubts

"the validity of a medical certification" provided by an employee, the employer may request the employee obtain a second or third medical opinion. 29 C.F.R. § 825.307(b), (c). If an employer does so, it must reimburse the employee "for any reasonable 'out of pocket' travel expenses incurred to obtain the second and third medical opinions." 29 C.F.R. § 825.307(e). The DOL believes Mesa Air violated this requirement but the *only* allegation in the complaint regarding this violation is the following:

> Since at least April 17, 2017, Defendant has willfully violated and is violating the provisions of § 105 of the Act, 29 U.S.C. § 2615, and 29 C.F.R. § 825.307(e) by failing to pay reasonable transportation expenses incurred by employees when employees obtain a second or third medical opinion.

(Doc. 1 at 3). There are no specific allegations identifying a single instance when this occurred. The DOL simply alleges, at some unidentified point in the last four years, Mesa Air refused to reimburse an employee for a second or third opinion.

All of the DOL's other allegations take the exact same form. That is, the DOL alleges that at some point after April 17, 2017, Mesa Air "willfully" violated an identified requirement of the FMLA. There are no allegations identifying specific dates, specific employees, or specific actions by Mesa Air.

## ANALYSIS

The Ninth Circuit recently elaborated on the Supreme Court's "two working principles" for evaluating whether a complaint can survive a motion to dismiss. *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021). First, "courts need not accept as true legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* And second, "only a complaint that states a plausible claim for relief with well-pleaded facts demonstrating the pleader's entitlement to relief can survive a motion to dismiss." *Id.* These principles require a complaint contain sufficient factual allegations to "answer basic questions" about the plaintiff's claims. *Id.* For example, the Ninth Circuit concluded it was not enough for a plaintiff alleging a violation of the Americans with Disabilities Act to allege merely that a service counter prevented him "from full and equal access" to a car dealership. *Id.* Such a threadbare

allegation did not indicate if the service counter was too low, too high, or "in an area that was inaccessible for another reason." *Id.* Without factual allegations identifying the actual problem with the service counter, the defendant was impermissibly "left in the dark" about the basis of the plaintiff's claim. *Id.*

Here, the DOL has alleged only a single fact regarding each of its claims: Mesa Air's actions occurred "after April 17, 2017." That is not sufficient. To state plausible claims, the DOL must allege additional facts setting forth the basis for its claims. For example, using Mesa Air's alleged failure to pay expenses for second or third medical opinions again, the DOL was required to plead, at the very least, the basic facts regarding Mesa Air's behavior. Thus, the DOL was required to plead more specific dates, whether the employees were sent for second or third opinions, and Mesa Air's particular actions that violated the FMLA. That is, if an employee submitted a request for reimbursement and Mesa Air refused to provide such reimbursement, the complaint should allege that. Alternatively, if Mesa Air informed its employees that no reimbursements would ever be offered, the complaint should allege that. Without factual allegations in support of each claim, Mesa Air has no idea what events are at issue. At present, Mesa Air is "left in the dark" about what actions, during the past four years, are at issue.[1] *Whitaker*, 985 F.3d at 1176.

The lack of factual allegations is fatal, but the complaint's deficiency is even more pronounced given the DOL's position that all of Mesa Air's violations were "willful." The DOL apparently believes Mesa Air knew its conduct was contrary to the FMLA or that Mesa Air showed "reckless disregard for whether its conduct was prohibited" by the FMLA. *Olson v. United States by & through Dep't of Energy*, 980 F.3d 1334, 1339 (9th Cir. 2020). But there are no factual allegations supporting DOL's assertion that Mesa Air

---

[1] The DOL is not required to identify, by name, the employees involved in the relevant events. As explained by the Ninth Circuit, "[i]n FLSA actions brought by the Secretary of Labor, the 'informant's privilege' may be used to conceal names of employees who precipitated the suit by filing complaints with the Department of Labor." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1072 (9th Cir. 2000). But the "informant's privilege" cannot be used to avoid pleading sufficient facts to state a plausible claim for relief.

- 3 -

acted willfully.  If the DOL has facts showing Mesa Air knowingly violated its obligations under the FMLA, the DOL should allege those facts.  Alternatively, if the DOL has facts showing Mesa Air acted with reckless disregard, it should allege those facts.  Mesa Air is entitled to some indication of why DOL believes it has "willfully" violated the law.

Because it appears the DOL may be able to allege additional facts in support of its claims, the complaint will be dismissed with leave to amend.  The DOL must, however, make *significant* improvements to its complaint if it hopes to proceed beyond the pleading stage.

Accordingly,

**IT IS ORDERED** the Motion to Dismiss (Doc. 11) is **GRANTED**.  The complaint is **DISMISSED WITH LEAVE TO AMEND**.  No later than **July 23, 2021**, Plaintiff shall file an amended complaint.  The Clerk of Court is directed to enter a judgment of dismissal without prejudice in the event no amended complaint is filed by that date.

Dated this 13th day of July, 2021.

Honorable Roslyn O. Silver
Senior United States District Judge