**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Secretary of Labor, United States Department of Labor,<br><br>   Plaintiff,<br><br>v.<br><br>Mesa Air Group Incorporated,<br><br>   Defendant. | No. CV-20-02049-PHX-ROS<br><br>**ORDER** |

On January 24, 2022, Mesa Air Group sent identical Rule 45 subpoenas to two labor unions: the Association of Flight Attendants and the Air Line Pilots Association. Each subpoena contains nine requests for various documents connected to Mesa's policies, procedures, and practices regarding the handling of employee requests under the Family Medical Leave Act. Each subpoena explained, however, that "[n]one of the [nine] requests shall be construed to include confidential information that is protected by the attorney-client privilege or work product doctrine; each request pertains to non-privileged matters only." (Doc. 68-1 at 6).

The Department of Labor reviewed the subpoenas and concluded they were seeking "privileged material" from the unions. The DOL had previously entered into "common interest agreements" with the unions and DOL believes those agreements give it a basis to object to the subpoenas. (Doc. 68 at 2). The DOL conferred with Mesa regarding the scope of the subpoenas but the parties were unable to resolve their differences. Thus, they filed a statement of discovery dispute. (Doc. 68).

A threshold issue is whether the DOL has standing to object to the subpoenas. According to Mesa, "the DOL should not be permitted to speak on" behalf of the unions. (Doc. 68 at 3). Mesa is correct that "[g]enerally, a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action." *In re Rule 45 Subpoenas Issued to Google LLC & LinkedIn Corp. Dated July 23, 2020*, 337 F.R.D. 639, 645 (N.D. Cal. 2020). But there is an exception that allows a party to object when that party "claims some personal right or privilege with regard to the documents sought" from the non-party. *Id.* According to the DOL, the subpoenas seek privileged information and, therefore, it has standing to object to the subpoenas. That may be correct. Out of an abundance of caution, however, the Court will require the unions file statements setting forth their position regarding the subpoenas. Prior to the unions doing so, the parties will be required to confer. To guide the parties' discussion, the Court notes the following regarding the pending disputes.

The parties' statement of discovery dispute divides the nine requests into three groups: Request 6, Request 7, and Requests 1-5 and 8-9. The DOL raises slightly different objections to each group and the Court will analyze them separately.

**I.      Request 6**

This request seeks

> All communications and documentation to or from the Secretary and/or the DOL during the Time Period that pertain to, discuss, or mention Mesa's handling of FMLA claims, this Lawsuit, or compliance with the laws and requirements of the FMLA. This includes communications and documentation about any Mesa employees and/or union members that were denied FMLA leave by Mesa.

The DOL argues this request implicates information protected by the "common interest" privilege, the government informant's privilege, and the attorney work product doctrine. As noted earlier, the subpoenas explicitly exclude any responses that would require the production of information protected by the attorney-client privilege or work product doctrine.[1] Thus, the DOL's argument that the unions might need to produce information

---

[1] While the DOL invokes the "common interest privilege" that privilege "is an extension

protected by the attorney-client privilege or work product doctrine is incorrect. The government informant privilege, however, may apply.

The government informant privilege allows the DOL "to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *In re Walsh*, 15 F.4th 1005, 1009 (9th Cir. 2021). The proper application of this privilege requires the Court consider whether "the need for the information outweighs the government's interest in nondisclosure." *Id.* It appears the DOL raised this privilege with Mesa but "Mesa refuse[d] redaction of employee identifying information and a subject matter privilege log." (Doc. 68 at 3).

At present, the government informant privilege likely protects disclosure of employee identifying information. That does not mean, however, the DOL need not produce a privilege log. Dependent on the unions' position, the DOL or the unions likely will need to produce a privilege log with as much detail as possible while preserving the privilege. *See* Fed. R. Civ. P. 26(b)(5)(A)(ii) (requiring privilege log describe withheld information "without revealing information itself privileged or protected").

**II.     Request 7**

This request seeks

> All documents and communications that relate to, mention, or discuss this Lawsuit.

The parties' positions regarding this request appear similar, if not identical, to those regarding Request 6. Again, the subpoenas do not seek information protected by the attorney-client privilege or the work product doctrine. Thus, the parties' arguments regarding those bases for withholding information appear misguided. As for the government informant privilege, Mesa appears to argue it is entitled to immediate

---

of the attorney-client privilege." *United States v. Henke*, 222 F.3d 633, 637 (9th Cir. 2000); *United States v. Gonzalez*, 669 F.3d 974, 978 (9th Cir. 2012) (noting the joint defense privilege "is also referred to as the 'common interest' privilege or doctrine"). Because the subpoenas do not seek information protected by the attorney-client privilege, they do not seek information protected by the "common interest privilege."

production of the informants' identities. While possibly dependent on the unions' position, Mesa likely is incorrect. To discover the identities of informants at this time, Mesa would be required to make a significant showing of need and Mesa has provided no indication such need exists. While the DOL likely need not produce identifying information, it or the unions will still be required to produce a privilege log.

### III.   Requests 1-5 and 8-9

The remainder of the requests seek information related to Mesa's policies, procedures, and practices regarding FMLA compliance. The DOL objects to these requests solely on the government informant privilege. At present, discovery of the informants' identity appears unnecessary. But DOL or the unions likely will still be required to produce a privilege log.

### IV.   Enforcement Issues

Finally, there are two issues regarding possible enforcement of the subpoenas. First, Rule 45 contains a clear deadline for non-parties to raise objections. Fed. R. Civ. P. 45(d)(2)(B). Based on the dates contained in the subpoenas, the time period for the unions to object appears to have expired. If necessary, the Court will consider extending that time period to allow for consideration of the unions' responses. In their statements, the unions should indicate whether their objections, if any, are timely. Second, the subpoena to the Association of Flight Attendants was sent to an address in Washington, D.C., but sought production of documents in Phoenix, Arizona. (Doc. 68-1 at 1). That subpoena appears to have been contrary to Rule 45's provisions regarding "place of compliance." Fed. R. Civ. P. 45(c)(1) (stating production must be "within 100 miles" of where the target regularly transacts business). *See also Black v. Wrigley*, No. 18-CV-2367 GPC-BGS, 2019 WL 1877070, at *5 (S.D. Cal. Apr. 26, 2019) ("Here, the subpoena was served upon [non-party] in San Diego, where he resides and works, and commanded production in Milwaukee, more than 100 miles away. Since Milwaukee is beyond the geographical limits specified in Rule 45(c), the subpoena must be quashed."). In its statement, the Association of Flight Attendants should indicate whether the subpoena was facially improper based on

the expected place of compliance.

Accordingly,

**IT IS ORDERED** the Department of Labor shall provide a copy of this Order to the Association of Flight Attendants and the Air Line Pilots Association.

**IT IS FURTHER ORDERED** the Department of Labor, Mesa Air, and the unions shall confer regarding the subpoenas and this Order. No later than **February 17, 2022**, the unions shall file a statement indicating their positions regarding the subpoenas.

Dated this 10th day of February, 2022.

Honorable Roslyn O. Silver
Senior United States District Judge