**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Secretary of Labor, United States Department of Labor,<br><br>    Plaintiff,<br><br>v.<br><br>Mesa Air Group Incorporated,<br><br>    Defendant. | No. CV-20-02049-PHX-ROS<br><br>**ORDER** |

Before the Court is the briefing submitted by the parties and *amicus curiae* Association of Flight Attendants-CWA, AFL-CIO ("AFA") regarding the interpretation of a provision of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2611(2)(D).[1] (Docs. 111, 114, 119). Defendant Mesa Air Group Inc. argues the FMLA, as amended by the Airline Flight Crew Technical Corrections Act of 2009 ("AFCTCA"), authorizes it to choose whether to determine flight crew employees' FMLA eligibility through hours worked or hours paid, and that it is not required to maintain records of both hours worked and hours paid. (Doc. 111 at 1, 4). The Department of Labor and AFA argue that Mesa Air is required to maintain a record of both hours worked and hours paid, and that FMLA eligibility is established if either of those numbers hits a particular threshold. (Doc. 114 at 4; Doc. 131 at 9-10).

Upon review of the briefing, the Court finds in favor of the Department of Labor.

---

[1] Also before the Court are one request to extend discovery by the Department of Labor, which Mesa Air opposes, and several discovery disputes and requests for protective orders. (Docs. 110, 113, 120, 145, 146, 157). These disputes will be addressed in a subsequent Order.

Airlines subject to 29 U.S.C. § 2611(2)(D) are required to maintain records of hours worked *and* hours paid by their flight crew and service-based FMLA eligibility is established if either of those figures reaches a particular threshold.

## BACKGROUND

Mesa Air is a regional airline with headquarters located in Arizona. (Doc. 109 at 2). The Department of Labor filed a Complaint against Mesa Air in this Court on October 23, 2020, alleging Mesa Air is not in compliance with the FMLA. (Docs. 1, 109).

The dispute presently before the Court is a straightforward question of statutory interpretation. The statute provides:

> For purposes of determining whether an employee who is a flight attendant or flight crewmember . . . meets the hours of service requirement specified in subparagraph (A)(ii), the employee will be considered to meet the requirement if . . . the employee has *worked or been paid* for not less than 504 hours (not counting personal commute time or time spent on vacation leave or medical or sick leave) during the previous 12-month period, for or by that employer.

29 U.S.C. § 2611(2)(D)(i) (emphasis added).[2] Mesa Air interprets this provision to authorize it to elect between calculating hours worked or hours paid. (Doc. 111 at 2, 4). Mesa Air accordingly only calculates employee hours paid and determines FMLA eligibility on that basis. (Doc. 111 at 2). The Department of Labor and *amicus curiae* AFA argue the statute is satisfied if an employee triggers the 504-hour threshold either through hours worked or hours paid, and that an employer must therefore calculate both hours worked and hours paid. (Doc. 114 at 4; Doc. 131 at 9-10).

## ANALYSIS

Mesa Air's argument that it can choose between hours worked and hours paid is

---

[2] A regulation promulgated the Department of Labor restates the statutory standard and defines the meaning of hours worked and hours paid. 29 C.F.R. § 825.801(b) ("An airline flight crew employee will meet the hours of service requirement during the previous 12-month period if he or she [satisfies an applicable monthly guarantee] and has worked or been paid for not less than 504 hours."); 29 C.F.R. § 825.801(b)(2) ("The hours an airline flight crew employee has worked for purposes of the hours of service requirement is the employee's duty hours during the previous 12-month period. The hours an airline flight crew employee has been paid is the number of hours for which an employee received wages during the previous 12-month period").

inconsistent with the plain meaning of 29 U.S.C. § 2611(2)(D)(i).

## I. The Text Supports the Department's Interpretation

When interpreting a statute, the Court begins "with the language of the statute itself." *Republic of Sudan v. Harrison*, 139 S.Ct. 1048, 1056 (2019). The relevant statutory and regulatory text provide that if an "employee has worked or been paid for not less than 504 hours . . . during the previous 12-month period" they meet the FMLA hours of service requirement. *See* 29 U.S.C. § 2611(2)(D)(i); 29 C.F.R. § 825.801(b). The only reasonable interpretation of this statutory language is the one offered by the Department of Labor and *amicus curiae*.[3]

The plain meaning of the word "or" in the statute is that the FMLA hours-of-service requirement is satisfied if one of two things are true. *See* "Or", MERRIAM-WEBSTER ("[U]sed as a function word to indicate an alternative"; "used in logic as a sentential connective that forms a complex sentence which is true when at least one of its constituent sentences is true."). Mesa Air essentially argues employees must have both 504 hours worked *and* paid to satisfy the eligibility requirement because it admits "an employee will always have more hours worked than hour paid" (Doc. 119 at 4), but only calculates hours paid—the lower number. (Doc. 111 at 2). But if Congress had intended to indicate that both hours worked *and* hours paid had to hit the statutory 504-hour threshold, it would have used the word "and" rather than "or." *See* "And", MERRIAM-WEBSTER ("[A] logical operator that requires both of two inputs to be present or two conditions to be met for an output to be made or a statement to be executed."). And if Congress wanted employers to determine which hours requirement is used to trigger the statutory threshold, Congress likely would have said that employers have the right to elect which hours requirement to use.

Congress did not draft the FMLA or AFCTCA that way. Instead, Congress clearly provided the FMLA hours of service requirement is satisfied if one of two objective

---

[3] Because the Court determines *de novo* that the agency interpretation is the correct reading of an unambiguous statute, the Court need not determine whether the agency's interpretation is due deference under *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984), or its progeny.

states is true: An employee has (1) worked, or (2) been paid for 504 hours.

Missing from this text is any indication that Congress intended for employers to have the authority to choose between the eligibility criteria so that only one hours-of-service requirement is active at any given time.[4]  The statute and regulation unambiguously provide that the FMLA hours of service requirement is satisfied if a flight crew employee works or is paid more than 504 hours within a 12-month period.  This interpretation does not allow Mesa Air to exclude one of the eligibility criteria at its discretion; it is satisfied if either is true, without regard to which eligibility criteria the employer would prefer.

## II.   The Department's Interpretation is Consistent with Congress's Intent

The purpose of the AFCTCA further demonstrates that Congress did not intend to grant employers the discretion to exclude one of the two hours-of-service criteria from 29 U.S.C. § 2611(2)(D).

Prior to the AFCTCA, flight crew employees were covered by the FMLA only if they accrued "at least 1,250 hours of service" in a 12-month period.  *See* 29 U.S.C. § 2611(2)(A); 78 Fed. Reg. 8878-79.  This methodology did not work well for flight crew employees, however, because employees like flight attendants only accrue duty hours when a plane is pushed back from the gate (known as "block pay") or in the air (known as "flight pay").  (Doc. 131 at 3-4); *see Hirst v. Skywest, Inc.*, 910 F.3d 961, 964 (7th Cir. 2018) (describing block pay); 78 Fed. Reg. 8861.  But flight attendants spend much of their time at work waiting around, or traveling, or acting as a "reserve" (on-call) flight attendant.  *See Oman v. Delta Air Lines, Inc.*, 153 F.Supp.3d 1094, 1096-1100 (N.D. Cal. 2015), *aff'd in part rev'd in part*, 835 F.App'x 272 (9th Cir. 2021) (describing flight

---

[4] Mesa Air claims that the Department's interpretation of § 2611(2)(D) only makes sense if the word "either" is inserted into the statute such that employees qualify if they have "either (1) worked, or (2) been paid, 504 hours in the previous 12 months." (Doc. 111 at 6).  This argument fails for two reasons.  First, the use of the word "or" signifies an alternative in the absence of the word "either."  Second, Mesa Air's interpretation would also require the Court to read language into the statute where it does not exist: Language authorizing an employer to choose between hours worked and hours paid.  Even if, assuming for the purposes of argument, the lack of the word "either" created ambiguity, the ambiguity in the statute likely would be resolved in the Department's favor pursuant to *Chevron*, 467 U.S. 837, or *Auer v. Robbins*, 519 U.S. 452 (1997).

attendant work schedules and pay rules at Delta Air Lines); *Knapp v. Am. W. Airlines*, 207 F.App'x 896, 900 (10th Cir. 2006) (holding, prior to the AFCTCA, that reserve duty hours did not constitute hours of service for the purpose of determining FMLA eligibility). This made it difficult for flight attendants to meet the 1,250 hours of service eligibility requirement. *See* 78 Fed. Reg. 8878 ("Prior to this amendment, many flight crew employees were not eligible for FMLA leave because the nature of the airline industry, including regulatory limits on flying time, prevented them from meeting the required 1,250 hours of service requirement.").

Congress addressed the problem with flight crew FMLA eligibility in the AFCTCA. *See id.* Instead of a 1,250 hours of service requirement, the AFCTCA provides airline flight crew employees satisfy the hours-of-service requirement under the FMLA if the employee has "worked or been paid" for 504 hours and 60% of the monthly guarantee. In other words, the AFCTCA made two changes to FMLA eligibility for flight crew employees that are relevant here[5]: It diminished the hours-of-service requirement from 1,250 to 504 and made it so that hours of service are determined by hours worked or hours paid. By contrast, non-flight crew employees are FMLA eligible only if they have at least 1,250 "hours of service," and for those employees, "hours of service" is not defined. 29 U.S.C. § 2611(2)(A).

Mesa Air asks the Court to focus solely on the change from 1,250 to 504 hours and to ignore the change from "hours of service" to hours "worked or been paid." (Doc. 137 at 2) ("The purpose of the Act was, therefore, merely to lower the hours-of-service threshold for airline flight crew employees from 1,250 to 504 hours during the previous 12-month period.") (citation omitted). To do so would plainly contravene Congress's intent in enacting the AFCTCA. If Congress had intended for "hours of service" to be calculated the same way for flight crew employees as other employees, there would have been no reason to introduce a definition of "hours of service" unique to flight crew

---
[5] The parties briefing focuses on the 504-hours requirement in 29 U.S.C. § 2611(2)(D), not the requirement that an employee meet 60% of the monthly guarantee. *See* (Doc. 111 at 3 n.2). The Court accordingly will focus on the 504-hours requirement and not the monthly guarantee.

- 5 -

employees. Yet, Congress expressly provided for a bespoke method of hours of service for airline personnel—it defined "hours of service" as hours "worked or been paid." The Court will not presume Congress did so unintentionally, and will not interpret the word "or" in the statute in a manner that contravenes the law's plain meaning and clear intent. *Cf. Republic of Sudan*, 139 S.Ct. at 1058 ("Congress generally acts intentionally when it uses particular language in one section of a statute but omits it in another.") (citation omitted).

### III. Mesa Air is Required to Maintain Records of Hours Worked and Paid

Mesa Air argues "an employer may choose whether to use hours worked or hours paid, but is not required to calculate both." (Doc. 111 at 1; Doc. 137 at 1). This argument is foreclosed by a regulation promulgated by the Department of Labor: "employers shall maintain . . . Records of hours worked and hours paid." 29 C.F.R. § 825.803(b). The Court will defer to this interpretation of the AFCTCA pursuant to *Chevron*.[6] *See Mayo Found. for Med. Educ. & Rsch. v. United States*, 562 U.S. 44 (2011).

In *Chevron*, the Supreme "Court held that ambiguities in statutes within an agency's jurisdiction to administer are delegations of authority to the agency to fill the statutory gap in reasonable fashion." *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 980 (2005) (citing *Chevron*, 467 U.S. at 865-66). "If a statute is ambiguous, and if the implementing agency's construction is reasonable, *Chevron* requires a federal court to accept the agency's construction of the statute, even if the agency's reading differs from what the court believes is the best statutory interpretation." *Id.* (citing *Chevron*, 467 U.S. at 843-44 & n.11).

*Chevron* is thus a two-part framework. *Mayo Found.*, 562 U.S. at 52. At the first step, the Court asks "whether Congress has 'directly addressed the precise question at issue.'" *Id.* If Congress has not, the Court proceeds to step two. *See id.* at 52-53. At step two, the Court "may not disturb an agency rule unless it is 'arbitrary or capricious in

---

[6] The relevant regulation, 29 C.F.R. § 825.803(b), is expressly authorized by the FMLA. *See* 29 U.S.C. § 2612(a)(5).

- 6 -

substance, or manifestly contrary to the statute.'" *Id.* at 53 (citing *Household Credit Servs., Inc. v. Pfennig*, 541 U.S. 232, 242 (2004)) (internal quotation marks omitted).

Regarding *Chevron* step one, Congress has arguably addressed the question at issue, but it has not done so "directly." *Id.* at 52. Congress has clearly indicated that the statute is satisfied if either hours worked or hours paid reach a certain threshold. It is a common sense assumption that both sets of records will be maintained for this purpose. But the statute does not contain a direct instruction that records of both hours worked and hours paid must be maintained. In light of this ambiguity, the Court proceeds to step two.

At step two, the Court will defer to the agency interpretation of the FMLA contained in the Department of Labor's implementing regulations because the agency interpretation is reasonable. In the relevant regulation, 29 C.F.R. § 825.803(b), the Department of Labor interprets 29 U.S.C. § 2611(2)(D) to require employers to maintain records of both hours worked and hours paid. This interpretation is not arbitrary or capricious and it certainly is not manifestly contrary to the statute. *Mayo Found.*, 562 U.S. at 53 (citation omitted). To the contrary, as the Court has explained, it is common sense—if employers were not required to maintain records of hours worked and hours paid, how else could hours of service calculations based on both hours worked and hours paid be made?

Employers covered by the AFCTCA are thus required to maintain records of both hours worked and hours paid.

### IV. The Statute and Regulations Are Enforceable

Finally, Mesa Air argues that the relevant statutes and regulations are too vague to be enforceable. Mesa Air argues the Department of Labor has been inconsistent in how it defines "hours worked" and that the definition offered by the Department of Labor is too "chaotic" and "boundless" to be enforced. (Doc 119 at 7-9). Mesa Air separately argues the Department of Labor's interpretation is not entitled to *Auer* deference. (Doc. 119 at 10-12). Mesa Air's arguments are without merit.

A regulation promulgated by the Department of Labor provides: "The hours an

airline flight crew employee has worked for purposes of the hours of service requirement is the employee's duty hours." 29 C.F.R. § 825.801(b)(2). The Department of Labor chose not to define "duty hours" by regulation "[i]n light of the overwhelming response from commenters that the term duty hours is recognized and widely utilized by carriers and employees in the industry." 78 Fed. Reg. 8834, 8862. The Department of Labor offers a more specific definition in this litigation: "The term 'duty hours' is a term of art in the airline industry, and refers to the hours that an employee is on duty status, regardless of whether those hours are paid. At Mesa, duty hours are defined by the collective-bargaining agreements covering AFC employees." (Doc. 114 at 8) (internal citations omitted).

Mesa Air argues this definition is too vague to be enforced because all collective bargaining agreements ("CBA") do not calculate "duty hours" in the same manner and some CBAs may not define it at all. (Doc. 119 at 7-9). Mesa Air points out that its CBA with the AFA does not use the phrase "duty hours." (Doc. 119 at 9). Rather, it defines the nearly identical phrase, "duty time," as either (1) beginning 45 minutes before the first scheduled departure of the day and ending 15 minutes after the end of the day, or (2) the period between when the employee reports to work and when they are released from duty, whichever is later. (Docs. 98-1 at 37; 111-1 at 23). It is self-evident that a period beginning at the time an employee reports for work and ending at the time they are discharged from duty is equivalent to an employee's hours worked. Although Mesa Air argues the Department of Labor has been inconsistent in how it defines hours of service (Doc. 119 at 12), Mesa Air has not shown that the Department of Labor has attempted to define "duty hours" or "duty time" in a manner inconsistent with this conclusion.

Moreover, Mesa Air does not argue the definition of duty time in its CBA is too vague to calculate. Indeed, Mesa Air says it performed duty hour calculations during this litigation for 108 employees in response to a request by the Department of Labor.[7] (Doc.

---

[7] That Mesa Air was able to calculate duty hours also counsels against Mesa Air's argument that the Department of Labor's allegedly shifting definition of "duty hours" renders the term so vague that it is unenforceable. (Doc. 119 at 12).

- 8 -

145 at 5). Mesa Air's vagueness argument instead hinges on hypothetical situations in which a different airline's CBA's failure to define duty hours or duty time, or decision to do so in an uncustomary way, might render the regulation too vague to be enforced. (Doc. 119 at 8; Doc. 145 at 3). However, those circumstances are not presented here. The Court will not intrude on the agency's decision not to define "duty hours" given that the term is easily understood in the context of this litigation.

Thus, "duty time," as defined by Mesa Air's CBA, is the method of calculating hours of service for purposes of determining FMLA eligibility of Mesa Air flight crew employees under the AFCTCA.

## CONCLUSION

For the foregoing reasons, the Court reaches three conclusions. First, the "hours of service" requirement for FMLA eligibility of employees covered by the AFCTCA is satisfied if either hours worked or hours paid reaches 504 hours, or both; employers do not have discretion to unilaterally exclude hours worked or hours paid from the FMLA calculation. Second, 29 C.F.R. § 825.803(b) is entitled to *Chevron* deference. Third, the relevant statute and regulations are not so vague as to be unenforceable.

**IT IS SO ORDERED**

Dated this 12th day of September, 2022.

Honorable Roslyn O. Silver
Senior United States District Judge