# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>Mesa Air Group Incorporated,<br><br>Defendant. | No. CV-20-02049-PHX-ROS<br><br>**CONSENT JUDGMENT** |

Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor (the "Secretary") having filed his Amended Complaint, and Mesa Air Group, Inc. ("MAG" and collectively the "Parties"), having been duly advised by counsel on the proceedings, agree to the entry of this Consent Judgment to resolve this case without further contest. The Parties further agree that this Consent Judgment resolves any and all outstanding matters and disputes related to any alleged issue or violation of the Family and Medical Leave Act by MAG.

MAG admits to the jurisdiction of this Court over it and over the subject matter of this action. MAG admits that this Court has the authority to enter and enforce this Consent Judgment and that this Court is the most appropriate venue for any enforcement action which may be required as a result of this Consent Judgment. MAG makes no other admissions.

**IT IS ORDERED** the joint motion to approve consent judgment (Doc. 175) is **GRANTED**.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that pursuant to Sections §§ 101, 102, 103, 104, 105, and 106 of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq., (hereafter the "Act" or the "FMLA"), that MAG, their officers, agents, servants, employees, and all persons in active concert or participation with them be, and they hereby are, permanently enjoined and restrained from violating the Act, including in any of the following manners:

**(A)** MAG, its officers, agents, servants, employees, and all persons acting or claiming to act in its behalf and interest be, and hereby are, enjoined and restrained from violating sections 102, 103, 104, 105 and 106 of the FMLA, 29 U.S.C. §§ 2612, 2613, 2614, 2615, 2616 and its Regulations published at 29 C.F.R. Part 825. In particular:

(1) MAG will not restrict, discourage, or interfere with the rights of its covered employees to seek and take FMLA leave as required by 29 U.S.C. § 2615 and 29 C.F.R. § 825.220;

(2) Where MAG's Airline Flight Crew Employees seek FMLA leave, MAG will not deny eligibility before calculating FMLA eligibility using all hours these employees have worked and/ or been paid, including all duty time, as required by 29 U.S.C § 2611(2)(D) and 29 C.F.R § 825.801;

(3) MAG will calculate FMLA eligibility no earlier than the required 12-month period and do so in a consistent manner as required by 29 U.S.C. § 2611(2)(D) and 29 C.F.R. §825.200(b) and (c);

(4) MAG will provide Notices of Eligibility consistent with 29 C.F.R §825.300(b);

(5) Where MAG's employees properly request FMLA leave, MAG will provide such employees with a notice of eligibility within 5-business days as required by 29 C.F.R § 825.300(b);

(6) Where MAG rejects its employee's request for FMLA leave, MAG will provide its employee with an Eligibility Notice that states at least one reason for rejection as required by 29 C.F.R § 825.300(b);

(7) Where MAG approves or rejects an employee's FMLA leave request, MAG will provide its employee with a properly completed Rights and Responsibilities Notice in accordance with 29 C.F.R. § 825.300(c);

(8) MAG will provide reasonable transportation expenses incurred by employees when those employees obtained a second or third medical opinion as required by 29 C.F.R. § 825.305(b) to the extent that the employee provides documentation of such expenses within a reasonable period of time of incurring such expenses;

(9) MAG will maintain records specified by 29 C.F.R. §825.500 and §825.803 for no less than three years as required by 29 U.S.C. § 2616(b) and 29 C.F.R. §825.500)

**(B)** Within fourteen days of entry of an order approving this Consent Judgment, MAG shall pay Jacqueline Guy $10,000 in damages and MAG shall provide Jacqueline Guy with a timely corresponding 1099. MAG shall reinstate Jacqueline Guy to her former position, with full benefits, privileges, all other prerequisites of employment, and without any break in seniority.  MAG shall not use Ms. Guy's July 19, 2019 separation from employment against her in any way in the future. MAG shall not use any of Ms. Guy's prior discipline as a basis for future disciplinary action against her after she is reinstated. Ms. Guy will be eligible for FMLA leave after her reinstatement once she has worked or been paid for 504 hours.

**(C)** Within fourteen days of entry of an order approving this Consent Judgment, MAG shall post a copy of this Notice on its intranet so it is visible to Airline Flight Crew Employees. The Notice shall remain consistently posted on MAG's intranet for no less than sixty consecutive days from the date it was originally posted. MAG will provide the DOL with a screen shot of the posting along with an affidavit from a MAG management employee regarding when the notice was posted, where on the intranet site it was posted, and how long it remained posted.

**NOTICE TO MESA AIRLINE FLIGHT CREW EMPLOYEES**

**Mesa Airlines provides leave policies, including FMLA for those employees who are eligible. Mesa Airlines has many employees every year who take advantage of this leave and many who also take advantage of the other leaves offered by Mesa Airlines. Mesa Airlines will not** restrict, discourage, or interfere with your rights to seek and take FMLA leave.

**All of the hours** you worked or have been paid, including all duty time, must be used in the calculation used to determine if you are eligible for FMLA leave.

**Mesa Airlines** also includes all duty time in its FMLA eligibility calculations for Airline Flight Crew Employees.

**You have the right** to receive a Notice of Eligibility within 5-business days of requesting FMLA leave from Mesa Airlines. If Mesa Airlines rejects your application for FMLA leave, the Notice of Eligibility will state at least one reason for the rejection.

**You have the right** to receive a Rights and Responsibilities Notice when Mesa Airlines accepts or rejects your request for FMLA leave.

**You have the right** to have FMLA benefits provisionally provided to you during the pendency of a second or third medical opinion.

**You have the right** to submit an expense reimbursement request to Mesa Airlines reasonable transportation expenses incurred for obtaining a second or third medical opinion as part of getting FMLA leave approval. Mesa Airlines will pay reasonable transportation expenses incurred by its employees while obtaining a second or third medical opinion as part of getting FMLA approval for those employees who submit expense reimbursement

requests in compliance with its policies.

**You have the right** to 15 days to return completed medical certifications for FMLA leave, unless it is not practical for you to do so, despite your diligent good faith efforts. If your medical certification requires clarification, you will receive 7 calendar days to provide the clarification, unless it is not practical for you to do so, despite your diligent good faith efforts.

**Mesa Airlines will** deduct no more than 6 days a week when you take FMLA leave lasting a week or more.

**Mesa Airlines will** maintain FMLA records as required by federal regulations for at least three years.

**If you think your rights under the FMLA have been violated, please contact Human Resources at (602) 685-4000 or HRADMIN@mesa-air.com.  You may also confidentially call the U.S. Department of Labor, Wage and Hour Division, at (602) 514-7100. More information about FMLA is available at www.dol.gov/agencies.whd**

   **(D)** In resolution of this case, MAG shall, within fourteen days of entry of an order approving Consent Judgment, make the employees named below whole by paying the amounts next to their names and providing a timely corresponding 1099:
   1. Rosann Williams – $400.00
   2. Tiffany Turner – $90.00
   **(E)** Should any employee file an employee expense reimbursement request for reasonable transportation costs incurred by the employee when obtaining a second or third opinion as part of the FMLA approval process, MAG shall appropriately reimburse the employee for such expenses; and reasonable transportation costs include, but are not

limited to, parking, mileage where the employee used a personal vehicle, shared-ride services, or car rental if the employee follows MAG's policy regarding reimbursement for business expenses, so long as that policy is reasonable under the circumstances.

**(F)** Within thirty days of signing this consent judgment, MAG shall make total duty hours available to Airline Flight Crew Employees who are denied FMLA benefits on the basis of lack of qualification based on hours worked upon their request. In such cases, MAG will provide a report of such hours for the prior twelve months via email to the employee at the time of the denial of the FMLA leave request.

**(G)** Within one hundred and eighty days of entry of an order approving this Consent Judgment, MAG will provide a training on the FMLA, including items (A)(1)-(10) of this Consent Judgment to its human resources employees. MAG shall provide notice that it has conducted this training to District Director Eric Murray, U.S. Department of Labor, Wage and Hour Division, 230 N. First Ave., Suite 402, Phoenix, AZ 85003-1725.

**IT IS FURTHER ORDERED THAT**

**A.** This Consent Judgment is a full adjudication of all the Secretary's claims asserted in this case against MAG.

**B.** Each party shall bear all fees, including attorneys' fees, and other expenses (including court costs), incurred by such party in connection with any stage of this proceeding, and shall waive all rights to relief in this case under the Equal Access to Justice Act of 1980, as amended (28 U.S.C. § 2412 et seq.).

**C.** The Parties agree that to the extent a purported violation of this Consent Judgment is made known to the Department of Labor, the Department shall notify Mesa Airlines in writing of the purported violation. MAG shall have thirty days to respond this this information in writing.

The parties shall use their best efforts to resolve the matter prior to any court filing.

Dated this 6th day of October, 2022.

_____
Honorable Roslyn O. Silver
Senior United States District Judge

Dated:

Mesa Air Group, Inc.

By_____
    Printed Name

Its: _____
        Title

_____

_____
Stephanie J. Quincy
Attorney for MAG

SEEMA NANDA
Solicitor of Labor

Marc Pilotin
Regional Solicitor

ANDREW SCHULTZ
Counsel for Wage and Hour

Dated: _____

_____
M. Anastasia Hermosillo
Senior Trial Attorney
Afroz Baig
Trial Attorney

Attorneys for the Secretary of Labor, Plaintiff